UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAYNES, | No. 2:12-cv-3018 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. ROSARIO, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding without counsel. The parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff raises Eighth and Fourteenth Amendment claims. Defendants' motion for summary judgment is pending. In plaintiff's opposition to the motion, he sought leave to continue the consideration of such motion under Rule 56(d) of the Federal Rules of Civil Procedure. As set forth more fully below, the undersigned finds that plaintiff's motion to continue consideration of the dispositive motion is denied. However, in light of this denial, plaintiff is granted leave to file a declaration in support of his opposition.

II. Plaintiff's Verified Complaint

    In pertinent part, plaintiff alleges that while he was incarcerated at California State Prison in Solano, California ("CSP-SOL"), on September 12, 2011, defendant Rosario used excessive

force on plaintiff, in violation of the Eighth Amendment, by pepper spraying and throwing plaintiff on the ground without provocation during and after a cell search.  Plaintiff alleges that defendant Slupski was deliberately indifferent to plaintiff's safety, and failed to protect plaintiff, by failing to ensure that the reason for defendant Rosario's September 12, 2011 "raid" on plaintiff was valid, and for failing to review the visiting room videotape before allowing defendant Rosario to "raid" plaintiff's cell on September 12, 2011, all in violation of the Eighth Amendment.

III.  Rule 56(f) Briefing

In their motion for summary judgment, defendants contend that plaintiff's Eighth Amendment claim against defendant Slupski fails because no evidence shows that he knew of defendant Rosario's intentions before the use of force, or that defendant Slupski failed to intervene once the alleged unlawful force was used.  Defendants argue that plaintiff admitted in his deposition that he was not contending that defendant Slupski knew beforehand that defendant Rosario was going to use pepper spray, and plaintiff conceded that he did not see defendant Slupski in the doorway until after defendant Rosario started pepper spraying, and  "could see the sergeant barely coming behind" defendant Rosario. (ECF No. 41-1 at 8-9, quoting Pl.'s Depo. at 44.)  Defendants argue that because plaintiff contends defendant Slupski is responsible solely on a theory of respondeat superior, and there is no evidence showing that defendant Slupski participated in the use of force, knew of defendant Rosario's alleged use of excessive force and failed to prevent it, and there is no policy at issue, defendant Slupski is entitled to summary judgment.  (ECF No. 41-1 at 9.)

Plaintiff argues that he needs additional discovery to support his claim that defendant Slupski knew of and ignored a substantial risk to plaintiff's safety during defendant Rosario's alleged use of excessive force.  Fed. R. Civ. P. 56(d).  Plaintiff claims that on June 25, 2014, he received a declaration from another inmate, John C. Draper, who stated that Draper proceeded to trial against defendant Rosario on a claim that he used "malicious physical excessive force" against Draper. (ECF No. 46 at 15.)  Plaintiff alleges that in discovery he requested that defendant Rosario provide a "copy of any and all documents which contain, mention or discuss

2

1  any complaints . . . submitted against defendant Rosario retained by the CDCR." (ECF No. 46 at
2  16.) Plaintiff states that in defendant Rosario's February 11, 2014 discovery response, defendant
3  Rosario falsely claimed that "[d]efendants are unaware of any such document and believe that no
4  such documents exist." (ECF No. 46 at 16.) Plaintiff now argues that without further discovery
5  he "cannot present sufficient facts as to whether defendant Slupski, who is [defendant] Rosario's
6  supervisor, was aware or unaware of 'any complaint against Rosario for excessive or
7  unreasonable physical force before September 12, 2011.'" (ECF No. 46 at 16.) Thus, plaintiff
8  seeks to defer consideration of the motion pending such discovery.

9      In reply, defendants contend that the request for continuance fails for several reasons.
10 First, because plaintiff requested "complaints," which plaintiff defined under Title 15, Section
11 3391 of the California Code of Regulations which defines "Citizen's Complaints" as those filed
12 by non-inmates, plaintiff fails to demonstrate that the discovery request sought disclosure of the
13 Draper complaint. Second, defendants point out that plaintiff failed to explain why he delayed
14 seeking the Draper complaint when plaintiff knew as early as February 2008 [sic],[1] when he
15 received and responded to defendants' objection to his notice of related cases, that defendants
16 contended that the discovery request did not pertain to inmate-filed complaints. (ECF No. 47 at
17 4.) Third, defendants argue that plaintiff fails to demonstrate the relevance of the Draper
18 complaint because no one other than Rosario is named in the Draper complaint, and on June 20,
19 2014, a jury found that Rosario did not use excessive force on inmate Draper. Draper v. Rosario,
20 2:10-cv-0032 KJM EFB P (E.D. Cal.).

21     Finally, defendants note that Draper and plaintiff submitted declarations in which they
22 state that they just learned in June 2014 that the other had a complaint against defendant Rosario.
23 However, defendants provide a copy of the declaration of Grant Fine, a private investigator
24 working for Draper's counsel and filed in the Draper case, in which Fine declares that he
25 interviewed plaintiff Haynes on January 16, 2014, informed Haynes of the Draper lawsuit, and
26 obtained Haynes' willingness to testify at Draper's trial. (ECF No. 47-4 at ¶¶ 9-10.) Defendants

---

[1] Plaintiff filed the notice of related cases in this action on February 24, 2014, not in 2008. (ECF No. 28.)

1 point out that plaintiff failed to explain why he did not conduct discovery about the Draper case in
2 January 2014, or defendant Slupski's knowledge thereof, before the close of discovery herein.
3 (ECF No. 47 at 5.)

4     For all of these reasons, defendants argue that the information that plaintiff seeks is
5 irrelevant, and that plaintiff cannot demonstrate diligence in pursuing such discovery; thus,
6 defendants contend that plaintiff failed to meet the standard under Rule 56(d) of the Federal Rules
7 of Civil Procedure, and ask that the motion should be denied.

8 IV.  Rule 56(d)

9     Rule 56(d) permits a party opposing a motion for summary judgment to request an order
10 deferring the time to respond to the motion and permitting that party to conduct additional
11 discovery upon an adequate factual showing.  See Fed. R. Civ. P. 56(d).[2]  However, the request
12 must be based upon a showing that further discovery is needed to disclose information necessary
13 to defeat the motion.  Id. (requiring party making such request to show by affidavit or declaration
14 that, for specified reasons, it cannot present facts essential to justify its opposition.).  A Rule
15 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain
16 why those facts would preclude summary judgment." Tatum v. City and County of San
17 Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  A Rule 56(d) affidavit must also identify "some
18 basis for believing that the information sought actually exists."  Blough v. Holland Realty, Inc.,
19 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).  Additionally, plaintiff must make some showing of
20 diligence, that he sought the requested information during the discovery period, or that there is
21 good reason he has not been able to obtain the information before now.  See Landmark Dev.
22 Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir. 1985) (plaintiffs had reasonable access to
23 information at issue during discovery, and the failure to take further depositions resulted largely
24 from plaintiffs' own delay.)

25 ////

---

[2] Where a party opposing summary judgment shows that he cannot present facts essential to the opposition, Rule 56(d) allows the court to:  (1) defer consideration of the motion, (2) deny the motion, (3) allow time for further discovery, or (4) issue another appropriate order.  Fed. R. Civ. P. 56(d).

V. Discussion

Here, plaintiff alleges that defendant Slupski failed to protect plaintiff from defendant Rosario's use of excessive force on September 21, 2011. Thus, plaintiff must adduce evidence demonstrating that defendant Slupski knew that plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable measures to stop it. Farmer v. Brennan, 511 U.S. 825, 847 (1994). Under this standard, plaintiff must demonstrate that defendant Slupski had a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834.

Plaintiff concedes that he "cannot present sufficient facts as to whether defendant Slupski, who is [defendant] Rosario's supervisor, was aware or unaware of 'any complaint against Rosario for excessive or unreasonable physical force before September 12, 2011.'" (ECF No. 46 at 16.) In any event, in light of the not guilty verdict rendered in Draper, further inquiry into Slupski's knowledge about Draper would not be relevant because defendant Rosario was found not guilty of using excessive force in Draper. Moreover, plaintiff has not shown diligence in seeking such discovery, inasmuch as the record reflects he was aware of Draper when plaintiff filed his notice of related cases on February 24, 2014, and the declaration of the private investigator demonstrates plaintiff was specifically informed about the Draper case on January 16, 2014. Plaintiff did not sign the instant request until August 23, 2014, long after discovery closed on March 31, 2014.

The undersigned finds that plaintiff has not demonstrated how additional discovery related to Draper would assist plaintiff in defeating the motion for summary judgment. Accordingly, plaintiff's motion for continuance is denied.

VI. Briefing on Motion for Summary Judgment

Plaintiff filed an opposition to the motion as well as a response to defendants' statement of undisputed facts, declarations, and provided evidence in support of his opposition. (ECF Nos. 46, 46-1.) However, plaintiff's declaration only addressed the request for continuance, not the facts supporting plaintiff's position on the merits of his claims. As set forth in the notice provided by defendants, plaintiff "must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, . . . that contradict the facts shown in the defendant's

declarations and documents and show that there is a genuine issue of material fact for trial." (ECF No. 42 at 2, citing Fed. R. Civ. P. 56(c), Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)  Thus, in an abundance of caution, plaintiff is granted a brief extension of time in which to file a declaration in support of his opposition to the motion for summary judgment, if plaintiff so desires.  Plaintiff was previously granted an extension of time to file his opposition to the pending motion, and the court is not inclined to entertain additional requests for extensions of time for plaintiff to file his declaration.  No additional filing is allowed in connection with the pending motion for summary judgment.

VII.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a Rule 56(f) continuance (ECF No. 46) is denied; and

2. Plaintiff is granted twenty-one days from the date of this order in which to file a declaration in support of his opposition to the motion for summary judgment.

Dated:  January 13, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hayn3018.decl